861 F.2d 1101
 Filemon ALCARAZ, Chu-Siang Niu and those similarly situated,
Plaintiffs-Appellees,
v.
March Fong EU, in her official capacity as Secretary of the
State of California, Defendant-Appellant.
Filemon ALCARAZ, Chu-Siang Niu and those similarly situated,
Plaintiffs-Appellees,
v.
George A. MANN, Registrar for the County of Santa Clara;
and the County of Santa Clara, Defendants-Appellants.
 Nos. 88-15572, 88-15573.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 6, 1988.
 
 Before FARRIS, CANBY and REINHARDT, Circuit Judges.
 
 
 1
 The petition for writ of mandamus and/or prohibition filed by the Secretary of the State of California is construed as a notice of appeal and a motion for summary reversal of the district court's order of November 4, 1988. The application for writ of prohibition filed by the Registrar for the County of Santa Clara is also construed as a notice of appeal and a motion for summary reversal. These appeals are consolidated. The district court's order of November 4, 1988 is directly appealable as the grant of a preliminary injunction because the order was entered after a hearing at which all parties were represented. 28 U.S.C. Sec. 1292(a)(1).
 
 
 2
 The court has reviewed the affidavits and memoranda filed by the parties both in the district court and in this court and has heard oral argument by telephone. There is no evidence, thus far presented, that California Elections Code section 14402 and section 15346 have been, or will in this election be, enforced rigidly or in a manner that unduly restricts the ability of language minority groups to vote. On this record, and at this late date, it was an abuse of discretion for the district court to enjoin all enforcement of these statutes.
 
 
 3
 The order of the district court is REVERSED. In so reversing, we express no opinion on the ultimate merits of plaintiff's complaint which may be subject to further proceedings in the district court.
 
 
 4
 A certified copy of this order sent to the district court shall act as and for the mandate of this court.
 
 REINHARDT, Circuit Judge, concurring:
 
 5
 I concur in the order vacating the district court's injunction because there is no evidence that any county will enforce the ten minute statutory time limits for voting (5 minutes in the case of machine voting), literally or rigidly. Santa Clara County's policy which led to the filing of the present action is as follows:
 
 
 6
 If a voter remains in the voting booth for more than 10 minutes and that act causes other persons to be unreasonably delayed in exercising their right to vote, election officials may inquire of the voter if he or she needs any assistance; if not, the official may request the voter to complete the process of marking his or her ballot as quickly as he or she is able to vote on the remaining candidates and issues. In addition, if a voter appears to be occupying a voting booth for an excessive period of time with the purpose and intent of interfering with the exercise of the voting rights of others, the precinct officials are to call the registrar's office for further instructions.
 
 
 7
 Implemented in that manner, the statute does not appear to infringe on the rights of "language minority" voters--at least not on the basis of the record now before us. Of critical importance is the fact that there is no evidence that any county has ever enforced the California law so as to require voters to leave the voting booth simply because they have exceeded the statutory time limits. Nor is there any basis for assuming that in this election any other county would enforce the statute in a harsher manner than Santa Clara. For that reason, I agree that the injunction should be vacated. Notwithstanding our order, however, I believe that if any county were to adopt a policy of strict or literal enforcement of the California statutory provisions, that policy would more likely than not violate section 2 of the Voting Rights Act of 1965, as amended, and specifically 42 U.S.C. Sec. 1973b(f)(2).